IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3074-FL

| | |
|---|---|
| JERROD SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LIEUTENANT T.W. LOCKLEAR; | ) |
| OFFICER DUPREE; ANTHONY | ) |
| THEDFORD; AND L. KING, | ) |
| | ) |
| Defendants. | |

This matter comes before the court on the motion to dismiss or for summary judgment (DE # 19) filed by defendants Lieutenant Locklear, Officer Dupree, Anthony Thedford, and L. King (collectively "defendants"). Also before the court is defendants' motion for extension of time to file further dispositive motions (DE # 21). Plaintiff did not respond to either motion.[1] In this posture, the matters are ripe for adjudication. For the following reasons, defendants' motion to dismiss or for summary judgment is granted and their motion for an extension of time is denied as moot.

### STATEMENT OF THE CASE

On February 10, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants used excessive force against him in violation of his rights pursuant to the Eighth Amendment to the United States Constitution.

On July 11, 2011, defendants filed a motion to dismiss, arguing that plaintiff's claim should

---

[1] The court notes that although plaintiff did not respond to defendants' motion to dismiss, he did file a response to the court's letter pursuant to Federal Rule of Civil Procedure 56.

be dismissed because he failed to exhaust his administrative remedies. Although he was notified of defendants' motion, plaintiff did not respond. Defendants subsequently filed a motion for an extension of time to file further dispositive motions.

On November 29, 2011, the court notified the parties of its intent to convert defendants' motion to dismiss into a motion for summary judgment and directed the Clerk of Court to issue a Rule 56 letter pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). A Roseboro letter was issued, and plaintiff filed a response.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc.,

407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In this case, plaintiff concedes in his complaint that he failed to exhaust his administrative remedies at the Wake County Jail prior to filing his action. Am. Comp. (DE # 6) p. 2. Plaintiff specifically states: "I requested a BP 8, I even wrote the jail Administrator and told him I wanted to write these officers up. I never received an answer and it was never put on file that I asked 3 times to file or to get the BP 8 to file." Am. Comp. (DE # 6) p. 2. Despite plaintiff's conclusory contention, the record contains evidence that the Wake County Jail had available administrative remedies at the time plaintiff's alleged claim arose. Moore Aff. ¶ 3.[2] There also is evidence that plaintiff did not file a grievance regarding the alleged incident or otherwise attempt to comply with the Wake County Jail's administrative remedy procedure. Id. ¶ 10. Moreover, the record reflects that the Wake County Jail does not have the BP 8 form that plaintiff references in his complaint.

---

[2] Wake County Jail Administrative Officer Alan Moore ("Moore") submitted an affidavit in support of defendants' motion to dismiss or for summary judgment.

3

Moore Aff. ¶ 9.[3] Plaintiff's conclusory allegations are insufficient to refute defendants' arguments in support of their exhaustion defense. Cf. Hill v. Haynes, 380 F. App'x 268, *4-5 (4th Cir. June 2, 2010) (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering his ability to exhaust).

Based upon the foregoing, the court finds that plaintiff failed to exhaust his administrative remedies prior to filing this action, and his action is DISMISSED without prejudice. As a result, defendants' motion for extension of time to file further dispositive motions is DENIED as moot.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or for summary judgment (DE # 19) is GRANTED, and the action is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies. As a result, defendants' motion for extension of time to file further dispositive motions (DE # 21) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27 day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[3] The BP 8 form is utilized in the Bureau of Prisons administrative remedy procedures.

4